UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-130** |
| | * | |
| **CYRUS CASBY** | * | **SECTION "L"(3)** |

## ORDER AND RESONS

The Court has pending before it Defendant Cyrus Casby's motion for a pretrial determination that he has standing to object to the introduction of certain items of evidence. (Rec. Doc. 162). The Court has reviewed the memoranda submitted by the parties and the applicable law, and now issues this Order and Reasons.

The Defendant argues that he has standing to challenge the Jefferson Parish Sheriff's Office search of his neighbor's backyard and seizure of clothing that was found there. Specifically, the Defendant argues that he had a sufficient and reasonable expectation of privacy in his neighbor's backyard and that, as a result, he has standing to challenge the search and seizure as unconstitutional. The Government opposes the motion and argues that the Defendant does not have standing.

The Court adopts the following undisputed facts. Police officers of the Jefferson Parish Sheriff's Office obtained a valid search warrant for the Defendant's residence at 6108 Singleton Drive in Marrero, Louisiana. While executing the warrant, the officers were directed to search the backyard of a neighboring residence, 6113 Victorian Drive. Specifically, they were to look for items of clothing that were alleged to have been placed there by the Defendant. After an unsuccessful attempt to contact the owner of the neighboring residence, the officers climbed a

fence and recovered clothing from a plastic container from the backyard.

It is well established that the evidence seized from a defendant in violation of his Fourth Amendment rights will be excluded from a criminal trial. *Alderman v. United States*, 394 U.S. 165, 171 (1969). However, "[t]he established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *Id*. at 171–72. Therefore, "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas v. Illinois*, 439 U.S. 128, 134 (1978).

In *United States v. Haydel*, the United States Court of Appeals for the Fifth Circuit articulated a number of factors that the Court must consider when determining whether a defendant has a legitimate expectation of privacy under the Fourth Amendment. 649 F.2d 1152, 1154–55 (5th Cir. 1981). These include:

> whether the defendant has a possessory [or property] interest in the thing seized or the place searched, whether he has the right to exclude others from that place, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises.

*Id*. at 1155. This inquiry is dependent on the facts. *United States v. Briones-Garza*, 680 F.2d 417, 420 (5th Cir. 1982).

In assessing whether the Defendant here has standing to object to the introduction of clothes found in his neighbor's backyard, this Court must consider each of these factors. With

regard to the first factor, the Defendant has not asserted that he had any possessory or property interest in the neighbor's backyard; to the contrary, he states that the officers had "attempted to contact the owner" of the property, clearly implying the owner is someone other than himself. (Rec. Doc. 162 at 2). The Government argues, and the Court agrees, that whatever possessory or property interest the Defendant had in the clothes was lost when he abandoned them on the neighbor's property. However, the issue of ownership is "'neither the beginning nor the end of (the) inquiry,'" and the remaining factors must be considered, as well. *Haydel*, 649 F.2d at 1154–55 (quoting *United States v. Salvucci*, 448 U.S. 83, 92 (1980)). With respect to the second factor, the Defendant has not indicated that he had any right to exclude others from the neighbor's property; the fact that he neither possessed nor owned the property suggests that he had no such right. As to the third factor, the Defendant has not provided any support for the proposition that he had a subjective expectation that the backyard would remain free from governmental invasion. With regard to the fourth factor, the act of discarding clothing in a neighbor's backyard does not appear to the Court to be a normal precaution of privacy. As to the last factor, the Defendant does not assert that he was legitimately on the premises, nor does it seem likely that he would have had the time or inclination to ask for permission to store his belongings there. Having analyzed these factors, the Court finds that the Defendant did not have a legitimate expectation of privacy in his neighbor's backyard, and thus he does not have standing to object to the introduction of the clothes at issue.

For the foregoing reasons, IT IS ORDERED that the Defendant's motion for a pretrial determination that he has standing to object to the introduction of certain items of evidence is DENIED. (Rec. Doc. 162).

New Orleans, Louisiana, this 1st day of August, 2013.

                                                                                                UNITED STATES DISTRICT JUDGE