UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-0130 |
| CYRUS CASBY | SECTION "L" (2) |

# ORDER AND REASONS

Before the Court are two motions: (1) Defendant Cyrus Casby's Motion to Vacate under 28 U.S.C. 2255, R. Doc. 388, and (2) Defendant's Motion for Stay and Abeyance, R. Doc. 393. The Government opposes both motions, R. Doc. 396, to which Defendant has replied, R. Doc. 397.[1] In its December 2018 Order and Reasons, the Court ruled on eleven of the twelve separate claims made by Defendant Casby. R. Doc. 398. With respect to Defendant's third claim that his federal prosecution violated the Double Jeopardy Clause, the Court held the issue in abeyance pending the Supreme Court's ruling in *Gamble v. United States*, 587 U. S. \_\_\_\_ (2019). The Supreme Court having issued its holding in *Gamble* on June 17, 2019, the Court now rules as follows.

At issue in *Gamble* was the viability of the dual-sovereignty doctrine. Under the dual-sovereignty doctrine, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute," and vice versa. *Gamble v. United States*, No. 17-646, 2019 WL 2493923, at *2 (U.S. June 17, 2019). In its ruling, the Supreme Court declined to overturn the longstanding dual-sovereignty doctrine, a holding that is controlling in Defendant Casby's case.

---

[1] For a full description of the background in this case, please refer to the Court's Order and Reasons entered on December 17, 2018. R. Doc. 398.

1

In this case, like the defendant in *Gamble*, Defendant Casby was prosecuted first by the State and later prosecuted by the federal government. Based on the U.S. Supreme Court's holding in *Gamble* and under the dual-sovereignty doctrine, the Court finds Defendant Casby's second prosecution by the federal government did not violate the Double Jeopardy Clause.

Accordingly,

**IT IS ORDERED** that Defendant Cyrus Casby's Motion to Vacate, R. Doc. 388, and Motion for Stay and Abeyance, R. Doc. 393, are hereby **DENIED**.

New Orleans, Louisiana this 24th day of June, 2019.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE